UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
MONTBLANC-SIMPLO GMBH, et al.,

        Plaintiffs,           **MEMORANDUM AND ORDER**

  -against-                  07-CV-5422 (KAM)(RLM)

COLIBRI CORPORATION, et al.,

        Defendants.
----------------------------------x
KIYO A. MATSUMOTO, United States District Judge:

      Presently before the court is plaintiffs' motion for reconsideration of this court's Permanent Injunction entered March 18, 2010, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3 of this court. (See Doc. No. 49, Not. of Mot. for Reconsideration; Doc. No. 50, Mem. of Law in Supp. of Request for Reconsideration ("Recons. Mem."); Doc. No. 47, Permanent Inj.)  For the foregoing reasons, plaintiffs' motion for reconsideration is denied.

**BACKGROUND**

      On December 28, 2007, plaintiffs Montblanc-Simplo GmbH, Montblanc North America, LLC, Cartier International, N.V. and Panerai, a division of Richemont N.A., Inc. (collectively, "plaintiffs") brought suit against defendants Colibri Corporation and The Colibri Group, Inc. (collectively, "defendant") for trademark, trade dress and copyright infringement, alleging that defendant manufactured, offered for

sale, sold, and distributed items bearing the trade dress or copyrighted designs of plaintiffs' Starwalker and Panerai Luminor product lines. (Doc. No. 1, Compl. ¶¶ 1, 33.) On January 21, 2009, in the midst of discovery, defendant's counsel informed the court that his client could not participate in discovery because it had been placed into involuntary receivership in state court. (Doc. No. 23, 1/21/09 Letter.) Thereafter, plaintiffs moved for an entry of default against defendant, including injunctive relief (Doc. No. 29, 3/3/09 Letter; Doc. No. 33, Mot. for Entry of Default J.), and the receiver confirmed that it would not be defending the action. (Doc No. 30, 3/04/09 Minute Entry; Doc. No. 36, 11/17/09 Letter.) The motion for default judgment and for a permanent injunction was referred to Magistrate Judge Mann for a Report and Recommendation. (10/26/09 Order.)

On January 19, 2010, based on the undisputed allegations in the Complaint, Magistrate Judge Mann issued a Report and Recommendation, recommending that default judgment be entered against defendant for infringement of plaintiffs' Starwalker pen trade dress rights and that defendant be permanently enjoined from infringing plaintiffs' Starwalker pen trade dress rights.[1] (Doc. No. 42, Report and Recommendation ("R

---

[1] The Report and Recommendation also discussed trade dress infringement with regard to Panerai Luminor watches, as well as copyright and trademark infringement claims. Because plaintiffs' motion for reconsideration solely

2

& R") at 2, 10-14, 18-21.) This recommendation was based on, *inter alia*, Magistrate Judge Mann's finding that the plaintiffs have a protectable trade dress right in the "combination of all or almost all" of four elements, which together give the Starwalker pen "a distinct overall look and commercial impression,"[2] and based on the undisputed allegations that: (1) defendant "manufactured, sold, offered for sale and distributed pens . . . bearing . . . the [Starwalker] trade dress . . . or a colorable imitation thereof;" (2) in connection with the sale of these goods, defendant falsely represented that the goods offered were duly authorized and licensed by plaintiffs; and (3) defendant's use of colorable imitations of the Starwalker trade dress created a likelihood that consumers would be confused or deceived into believing that the imitations were plaintiffs' products, or sponsored or approved by plaintiffs. (R & R at 4;

---

addresses infringement of the Starwalker pen trade dress, the other claims will only be discussed to the extent relevant to the instant motion.

[2] Plaintiffs' Complaint alleged, and Magistrate Judge Mann accepted, that a "combination of all or almost all" of the following four elements comprised the Starwalker trade dress:
    a)    a body, the upper portion of which has a uniform radius and the lower portion of which has a bulging out in radius and then a tapering down to a point;
    b)    a translucent, rounded dome at the top of the pen;
    c)    a grid design consisting of small rectangular areas laid out around the entire length of the pen of steel-colored edges and black background, with the long edges of the rectangular area laid along the length of the pen;
    d)    at around the mid-point of the length of the lower bulging portion of the pen there is a triple-band design in steel-colored metal around the circumference of the pen with the band in the middle being thicker than the bands above and below it.
(Compl. ¶ 10; *see also* Doc. No. 45, Proposed Permanent Inj. at 1.)

Compl. ¶¶ 10, 33, 37.) Magistrate Judge Mann then recommended that the court enter a permanent injunction against defendant, "enjoining defendant and any successors in interest from infringing plaintiffs' trade dress, but *limiting such injunction to those products that properly fall within the descriptions of the Starwalker Pen . . . trade dress designs*," as described in the Report and Recommendation. (R & R at 21 (emphasis added).)

This court adopted the Report and Recommendation in its entirety and ordered plaintiffs to submit a modified Proposed Permanent Injunction, limiting injunctive relief to those products that properly fell within the description of the trade dress designs set forth in Magistrate Judge Mann's Report and Recommendation. (Doc. No. 44, Order Adopting R & R at 2.) In response, plaintiffs submitted a modified Proposed Permanent Injunction, which included, for the first time,[3] *inter alia*, a reference to "Colibri Product Number GRB-4200." (Proposed Permanent Inj. at 4-5.)

As plaintiffs had made repeated references in their Complaint and Memorandum in Support of their Motion for Default Judgment to "pens," but no specific reference to Colibri Product Number GRB-4200 in either of these documents, the court

---

[3] The court notes that plaintiffs listed "GRB-42000," as opposed to "GRB-4200," in the last paragraph of their initial proposed default judgment, along with other Colibri Product Numbers. (*See* Mot. for Entry of Default J., Ex. 1, Proposed Default J. ¶ 3.) However, the plaintiffs did not include photographs or descriptions of any of these products, or any explanation of how these products infringed their trade dress rights or copyrights. (*Id.*)

4

requested further identifying information, including photographs of, *inter alia*, Colibri Product Number GRB-4200 and specifically ordered the plaintiffs to explain how that product fell within the description of protectable trade dress designs for the Starwalker pens as set forth in Magistrate Judge Mann's Report and Recommendation. (3/4/10 Order.) In response, plaintiffs offered a photograph of Colibri Product Number GRB-4200 and argued that it "bears a colorable imitation of and falls within the scope of" plaintiffs' trade dress designs for the Starwalker pens as follows: "like Plaintiffs' pens, Defendant['s] pen bears a similar distinctive grid design consisting of small rectangular areas laid out around the entire length of the pen" and "the grid design consists of steel-colored edges and black background, with the long edges of the rectangular area laid along the length of the pen." (Doc. No. 46, Response to Court's March 4, 2010 Order ("Response") at 1-2.) Citing *Fun-Damental Too, Ltd. v. Gemmy Indus. Corp.*, 111 F.3d 993, 1004 (2d Cir. 1997), the plaintiffs argued that the court must focus on "the general impressions conveyed to the public by the appearance of the products" instead of dissecting the product's various elements and further argued that Colibri Product Number GRB-4200 is "sufficiently similar" to plaintiffs' Starwalker pen trade dress such that it is "likely to cause confusion or mistake or to deceive as to the source or sponsorship of such items."

(Response at 2-3.) The plaintiffs' supplemental papers did not offer arguments or submit evidence supporting any of the other factors to assess likelihood of confusion set forth in *Fun-Damental Too, Ltd.*[4]

After reviewing Magistrate Judge Mann's Report and Recommendation and all of the plaintiffs' submissions, including plaintiffs' post-Report and Recommendation submissions, this court declined to include Colibri Product Number GRB-4200 in the Permanent Injunction, finding that "[t]he only feature common to both the Colibri pen, Product Number GRB-4200, and Montblanc's Starwalker Pen is the black and steel grid design" and "that the Colibri pen, Product Number GRB-4200, does not create the same general overall impression as Montblanc's Starwalker Pen such that a consumer who has seen the Starwalker trade dress would be confused upon later seeing Colibri's pen." (Doc. No. 47, Permanent Inj. at 4 n.1.)

Plaintiffs urge the court to reconsider its determination regarding Colibri Product Number GRB-4200, arguing

---

[4] In order to determine whether there is a likelihood of confusion between plaintiff's and defendant's products because of the purportedly similar trade dress, courts examine the following non-exclusive factors:
> (1) strength of the plaintiff's mark; (2) degree of similarity between the two marks; (3) proximity of the products in the marketplace; (4) likelihood that the plaintiff will enter a market related to that in which the defendant sells its product; (5) evidence of actual confusion; (6) defendant's bad faith; (7) quality of the defendant's product; and (8) sophistication of the relevant consumer group.

*Fun-Damental Too, Ltd.*, 111 F.3d at 1002-03 (citing *Polaroid Corp. v. Polarad Elec. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961)). Plaintiffs submitted no evidence regarding the foregoing factors.

that this court misinterpreted the factual findings set forth in Magistrate Judge Mann's January 19, 2010 Report and Recommendation when it excluded Colibri Product Number GRB-4200 from the Permanent Injunction. (Recons. Mem. at 1.) Plaintiffs further argue that failure to modify the Permanent Injunction will result in an injustice to plaintiffs. (*Id*. at 2.) Accordingly, the plaintiffs request that the Permanent Injunction be modified to include Colibri Product Number GRB-4200 and that the court strike footnote one of the Permanent Injunction in its entirety. (*Id.*)

## DISCUSSION

**I. Law**

Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citations and quotation marks omitted). Accordingly, in the Second Circuit, a Rule 59(e) motion to alter or amend a judgment, like a motion for reconsideration or reargument under Local Civil Rule 6.3, will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked, and which the movant could reasonably believe would have altered the court's original decision. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d

7

Cir. 1995); *see also Shearard v. Geithner*, No. 09-CV-0963, 2010 WL 2243414, at *1 (E.D.N.Y. May 30, 2010); Local Rule 6.3. "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Cordero v. Astrue*, 574 F. Supp. 2d 373, 379-80 (S.D.N.Y. 2008) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

"A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001); *see also Hall v. North Bellmore Union Free School Dist.*, No. 08-CV-1999, 2010 WL 2267399, at *1 (E.D.N.Y. May 30, 2010) ("Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion."); *Torres v. Carry*, 672 F. Supp. 2d 346, 348 (S.D.N.Y. 2009) ("A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment."); *Cordero*, 574 F. Supp. 2d at 380 ("Neither Rule 59(e) or Local Civil Rule 6.3 . . . is an

appropriate vehicle . . . to advance new facts, issues, or arguments not previously presented to the court." (citation and internal quotation marks omitted)).

Having reviewed plaintiffs' motion, the court finds that plaintiffs have not satisfied the demanding standard for reconsideration under Rule 59(e).

**II. Analysis**

    A.  *Need to Correct Clear Error: Misinterpretation of Magistrate Judge Mann's Report and Recommendation*

Plaintiffs argue that this court may have misinterpreted the factual findings set forth in Magistrate Judge Mann's Report and Recommendation. Specifically, plaintiffs state that "[a] plain reading of the Report and Recommendation makes clear that Magistrate Mann intended for the permanent injunction to cover the Colibri Pen, which was the *only* pen accused of infringing the Starwalker trade dress in this action" and that "[h]ad Magistrate Mann intended to hold Plaintiffs' grid design generic in regard to writing instruments, she would not have concluded that [p]laintiffs properly stated a cause of action in regards to the Colibri Pen." (Recons. Mem. at 5-6 (emphasis added).)

First, contrary to plaintiffs' argument, when Magistrate Judge Mann recommended that this court enter a permanent injunction prohibiting the defendant from infringing

plaintiffs' Starwalker Pen trade dress, she did not make the finding that any specific pen of defendant's infringed plaintiffs' trade dress,[5] nor did she refer to any specific product name or number.  Instead, based on the undisputed allegations of the Complaint defining the Starwalker pen trade dress as a "combination of all or almost all" of four elements (*see* Compl. ¶ 10), and the undisputed assertions that defendant manufactured, sold and offered for sale pens that infringed on plaintiffs' Starwalker pen trade dress, Magistrate Judge Mann recommended that the Permanent Injunction be specifically limited "to those products that properly fall within the descriptions of the Starwalker Pen . . . trade dress designs," as described in the Report and Recommendation.  (R & R at 21.)

Thus, a review of the plaintiffs' description of the Starwalker pen trade dress, as consistently asserted by plaintiffs and relied upon by Magistrate Judge Mann in the Report and Recommendation, describes the "combination of all or almost all" of the following four elements that together give the Starwalker pens "a distinct overall look and commercial impression":

---

[5] Nor could Magistrate Judge Mann have made a finding that a specific Colibri pen infringed the Starwalker pen trade dress, as no pictures or descriptions of the allegedly infringing products were provided to the court.  In fact, as Magistrate Judge Mann explicitly observed in the section of her Report and Recommendation dealing with copyright infringement, plaintiffs "offered no photographs of the allegedly infringing products to enable the Court to make a visual comparison of the goods."  (R & R at 17-18 n.6.)

> a) a body, the upper portion of which has a uniform radius and the lower portion of which has a bulging out in radius and then a tapering down to a point;
> 
> b) a translucent, rounded dome at the top of the pen;
> 
> c) a grid design consisting of small rectangular areas laid out around the entire length of the pen of steel-colored edges and black background, with the long edges of the rectangular area laid along the length of the pen;
> 
> d) at around the mid-point of the length of the lower bulging portion of the pen there is a triple-band design in steel-colored metal around the circumference of the pen with the band in the middle being thicker than the bands above and below it.

(Compl. ¶ 10; *see also* Proposed Permanent Inj. at 1.)

In response to the Court's March 4, 2010 Order for additional identifying information in support of plaintiffs' assertions that Colibri Product Number GRB-4200 falls within the trade dress design for plaintiffs' Starwalker pen, plaintiffs described the third of the above four elements and stated that Colibri Product Number GRB-4200 "bears a colorable imitation of and falls within the scope of" plaintiffs' Starwalker pen trade dress "because, like Plaintiffs' pens, Defendant's pen bears a similar distinctive grid design consisting of small rectangular areas laid out around the entire length of the pen" and "the grid design consists of steel-colored edges and black background, with the long edges of the rectangular area laid along the length of the pen." (Response at 1-2.) Plaintiffs

11

also stated that both pens "feature a body, the upper portion of which has a uniform radius and the lower portion of which tapers down to a point" and "a band design in steel and black colored metal around the circumference of the pen." (Recons. Mem. at 5 n.2.)

Although plaintiffs repeatedly defined the Starwalker pen trade dress as "a combination of all or almost all" of the above-described four elements, and Magistrate Judge Mann adopted that definition, as this court noted in the Permanent Injunction, the only element of the Starwalker trade dress common to both Colibri Product Number GRB-4200 and Montblanc's Starwalker Pen is the black and steel grid design.[6] (Permanent Inj. 4 n.1.) Other than the grid design, Colibri Product Number GRB-4200 has no other distinctive elements of the Starwalker pen, such as a body with a primarily uniform radius that bulges out in its lower portion and then tapers down to a point or a translucent rounded dome at the top of the pen; consequently, Colibri Product Number GRB-4200 was excluded from the Permanent

---

[6] Plaintiffs' argument that the Colibri pen tapers down to a point is not included in the description of the plaintiffs' trade dress in the Complaint. Further, neither the pointed tip nor the "uniform radius" in the upper portion of Colibri Product Number GRB-4200 distinguishes it from any other pen on the market. Additionally, the "band design on steel and black colored metal" located in the middle of Colibri Product Number GRB-4200 (Recons. Mem. at 5 n.2; Response, Ex. A), is notably different than the plaintiffs' earlier description of the fourth design element of a "triple-band design in steel-colored metal . . . with the band in the middle being thicker than the bands above and below it" located "at around the mid-point of the length of the lower bulging portion of the [Starwalker] pen." (Compl. ¶ 10; Proposed Permanent Inj. at 1.)

12

Injunction. The grid design on Colibri Product Number GRB-4200, without more, is insufficient to justify its inclusion in the Permanent Injunction.[7]

Further, in support of their argument that Magistrate Judge Mann necessarily intended for the Permanent Injunction to encompass Colibri Product Number GRB-4200, plaintiffs assert - for the first time in their Motion for Reconsideration - that Colibri Product Number GRB-4200 is the "only pen" defendant sold that infringe plaintiffs' trade dress. (Recons. Mem. at 6; *see also id*. at 3 n.1 ("As only one pen was accused of infringing Plaintiffs' Starwalker trade dress in this action (i.e. the Colibri Pen), Magistrate Mann's holding was necessarily directed [sic] applied to the Colibri Pen.").) This fact is not contained in the plaintiffs' Complaint or Motion for Default Judgment, and accordingly, was not incorporated in Magistrate Judge Mann's Report and Recommendation. Indeed, all references to the defendant's allegedly infringing "pens" contained in plaintiffs' Complaint and the Report and Recommendation refer to "pens" in the plural and plaintiffs never corrected their own or

---

[7] Likewise, Colibri Product Number GRB-4200 was not included in the Permanent Injunction because plaintiffs failed to provide this court with sufficient evidence that the public is likely to confuse Colibri Product Number GRB-4200 with plaintiffs' Starwalker pen based on the existence of some of the factors set forth in *Fun-Damental Too, Ltd.*, such as the proximity of the products in the marketplace, likelihood that plaintiffs will enter a market related to that in which the defendant sells its product, evidence of actual confusion, defendant's bad faith, quality of the defendant's product or sophistication of the relevant consumer group. *See Fun-Damental Too, Ltd.*, 111 F.3d at 1002-03.

Magistrate Judge Mann's plural use of "pens." (*See, e.g.*, Compl. ¶ 33 ("Defendant has manufactured, sold, offered for sale and distributed pens, pocket watches and other accessories each bearing one or more of the trade dress or copyrighted designs identified hereinabove, or a colorable imitation thereof."); R & R at 11-12 ("[P]laintiffs claim that Colibri distributed pens that were 'colorable imitations' of the Starwalker Pens.").) This fact, which was only known to the plaintiffs but not revealed to either Magistrate Judge Mann before she issued her Report and Recommendation or to this court at the time it adopted the Report and Recommendation and entered the Permanent Injunction, cannot be a basis for reconsideration. *See, e.g.*, *Davidson*, 172 F. Supp. 2d at 461; *Torres*, 672 F. Supp. 2d 348; *Cordero*, 574 F. Supp. 2d at 380.

To the extent plaintiffs, as the masters of their own Complaint, sought a determination that a particular product, Colibri Product Number GRB-4200, infringed their protectable Starwalker pen trade dress, they should have specifically identified the product and included a photograph of that product with their pleadings, or, at the very least, with their Motion for Default Judgment, or otherwise provided evidence to substantiate their allegations of infringement. Plaintiffs repeatedly failed to do so, despite having multiple opportunities. Plaintiffs may not secure a finding of trade

14

dress infringement for Colibri Product Number GRB-4200 by introducing for the first time on a motion for reconsideration the fact that Colibri Product Number GRB-4200 pen is the only pen accused of infringing the plaintiffs' Starwalker pen trade dress (*see* Recons. Mem. at 3 n.1, 6), and then asking this court to re-interpret the findings of Magistrate Judge Mann's Report and Recommendation based on that fact. Magistrate Judge Mann's Report and Recommendation clearly recommended that the scope of the Permanent Injunction be limited "to those products that properly fall within the descriptions of the Starwalker Pen" (R & R at 21), and cannot be interpreted to include Colibri Product Number GRB-4200.

Finally, even if plaintiffs had presented the fact that defendant only sold one type of pen which infringed on the plaintiffs' trade dress to Magistrate Judge Mann and even if she had accordingly found that that this one pen infringed based on the undisputed facts contained in the well-pleaded Complaint, once plaintiffs provided an actual picture of the allegedly infringing pen that contradicted the allegations in the Compliant, those allegations would no longer be considered well-pleaded. *See, e.g.*, *Trans World Airlines Inc. v. Hughes*, 38 F.R.D. 499, 501 (S.D.N.Y. 1965) (allegations in a complaint are not well-pleaded "where they are contrary to uncontroverted material in the file of the case"); *see also In re Wildlife*

*Ctr., Inc.*, 102 B.R. 321, 325 (Bankr. E.D.N.Y. 1989) ("On a motion for entry of a default judgment, allegations of fact in a complaint . . . must lose their conclusive effect if demonstrated to be false by the proof offered by the plaintiff.").

Here, the Complaint alleges that defendant sold "pens . . . bearing . . . the [Starwalker] trade dress . . . or a colorable imitation thereof." (Compl. ¶ 33.) The photograph of the only Colibri pen at issue, Product Number GRB-4200, however, reveals that it only exhibits one, as opposed to "all or almost all," of the four elements comprising the Starwalker pen trade dress, and that it is not a colorable imitation of the Starwalker pen trade dress. Further, outside of the conclusory allegations that the defendant's use of colorable imitations of the Starwalker pen trade dress creates a likelihood of confusion (Compl. ¶ 37), plaintiffs have not alleged facts sufficient, let alone provided evidence, to demonstrate that that Colibri Product Number GRB-4200 would cause a likelihood of confusion, although given multiple opportunities to do so. Thus, there is no reason for this court to reconsider its decision to exclude Colibri Product Number GRB-4200 from the Permanent Injunction. Moreover, as will be discussed, *infra*, the new evidence belatedly put before the court requires it to vacate its adoption of the portions of the Report and Recommendation

recommending a finding of infringement and entry of a Permanent Injunction as to the Starwalker pen trade dress.

B. *Need to Prevent Manifest Injustice*

Plaintiffs next argue that it would be unjust for the court to hold the "grid design element of the Starwalker trade dress to be generic in connection with writing instruments" after adopting the Report and Recommendation, and that "such a holding would potentially affect Plaintiffs' rights in future enforcement actions regarding Plaintiffs' Starwalker pen, thereby causing significant harm to Plaintiffs." (Recons. Mem. at 7.) Plaintiffs contend that they reasonably understood that Magistrate Judge Mann had recommended to this court that defendant and its successors be enjoined from infringing plaintiffs' trade dress in the Starwalker pen, and that had Magistrate Judge Mann "recommended that the permanent injunction not extend to the Colibri Pen, or had she found the grid design of the Starwalker pen to be generic, Plaintiffs would have certainly filed objections to the Report and Recommendation." (*Id.* at 6.)

Here, this court did not disrupt Magistrate Judge Mann's finding that plaintiffs have a protectable trade dress right in the Starwalker pen. Instead, after giving the plaintiffs ample opportunity to explain how Colibri Product Number GRB-4200 fell "within the description of trade dress

designs for the Starwalker pens as set forth in Judge Mann's Report and Recommendation and adopted in full by this court" (3/4/10 Order), this court found that Colibri Product Number GRB-4200 did not properly fall within the descriptions of the Starwalker pen trade dress, to the extent described by the plaintiffs and as adopted by Magistrate Judge Mann. (Permanent Inj. at 4 n.1; R & R at 21.)

Including Colibri Product Number GRB-4200 in the Permanent Injunction would allow plaintiffs to impermissibly narrow the Starwalker pen trade dress to a grid design, when plaintiffs have repeatedly defined the Starwalker pen trade dress as all or a combination of all of four specific elements, only one of which is a grid design. As Magistrate Judge Mann properly found in conjunction with the line of accessories, a grid design alone would not have been sufficient for a finding of a protectable trade dress interest. (R & R at 12-14.) Thus, the court does not find that inclusion of the Colibri Product Number GRB-4200 pen in the Permanent Injunction is necessary to prevent manifest injustice.

C. *Vacation of the Adoption of Portions of the Report and Recommendation and Entry of an Amended Permanent Injunction*

Based on the record now before the court establishing that only one Colibri pen, Product Number GRB-4200, is accused of infringement and on the court's finding that this specific

18

pen does not infringe plaintiffs' Starwalker pen trade dress, the court is constrained to vacate its adoption of the finding of trade dress infringement as to the Starwalker pen and its entry of injunctive relief against prospective infringement of the Starwalker pen. Without a finding that Colibri Product Number GRB-4200 falls within, or is a colorable imitation of, the description of the Starwalker Pen trade dress and in the absence of evidence of a likelihood of confusion,[8] there can be no finding of infringement of the Starwalker pen trade dress. Accordingly, plaintiffs have not established irreparable injury necessary for the issuance of permanent injunctive relief as to Colibri Product Number GRB-4200. *See, e.g.*, *Microsoft Corp. v. Atek 3000 Computer Inc.*, No. 06-CV-6403, 2008 WL 2884761, at \*5 (E.D.N.Y. July 23, 2008) (Under the Lanham Act, a plaintiff seeking a permanent injunction must satisfy the four-fact test enunciated by the Supreme Court in *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006), including a showing that it has suffered irreparable injury). Thus, in addition to denying plaintiffs' motion for reconsideration, the court will vacate its adoption of the relevant portions of the Report and Recommendation and will enter an Amended Permanent Injunction,

---

[8] As discussed earlier, in light of evidence now before the court, the likelihood of confusion is no longer considered well-pleaded and the record lacks evidence sufficient to find a likelihood of confusion.

excluding all references to the Starwalker pen trade dress, concurrently with this Memorandum and Order.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for reconsideration is denied. The court further vacates its adoption of the finding of trade dress infringement as to the Starwalker pen contained in the Report and Recommendation (Doc. Nos. 42, 44), and vacates the entry of injunctive relief against prospective infringement of the Starwalker pen (Doc. No. 47). An Amended Permanent Injunction, excluding references to the Starwalker pen trade dress, is being filed concurrently with this Memorandum and Order. Plaintiffs' counsel shall serve a copy of this Memorandum and Order and the accompanying Amended Permanent Injunction on defendant and on Allan M. Shrine, Receiver of Colibri Corporation and file certificates of service on ECF by September 8, 2010.

SO ORDERED.

Dated: September 7, 2010
      Brooklyn, New York

                                          _____/s/_____
                                            KIYO A. MATSUMOTO
                                            United States District Judge